| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

JOE MICHAEL WOLF, JR., §
§
    Petitioner, §
§
*versus* §   CIVIL ACTION NO. 1:21-CV-526
§
DIRECTOR, TDCJ-ID, §
§
    Respondent. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Joe Michael Wolf, Jr., an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of the court.  The magistrate judge submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be granted and the respondent directed to restore the good conduct time credits petitioner forfeited as a result of his disciplinary conviction.

The court received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. The respondent filed objections to the Report and Recommendation.  The court must therefore conduct a *de novo review* of the objections in relation to the pleadings and the applicable law.

Petitioner was convicted of the prison disciplinary offense of committing a felony.  He was accused of being part of a conspiracy to smuggle tobacco into prison units.  Petitioner's sister, Deanna Knighten, was also allegedly part of the conspiracy.  A confiscated cell phone was found to have text messages sent to family members and friends of inmates.  One text was sent from inmate Timothy Chambers, a participant in the conspiracy, to his sister, Myrae Barrie.  The text stated: "Calling for Joe $100 Deanna Knighten 281 235 7654."

The magistrate judge recommended granting the petition based on the conclusion there was insufficient evidence to support the conviction. He stated that while the text from Mr. Chambers contained petitioner's first name, the name was a common one. The magistrate judge found that while petitioner's first name was used in the text message and Ms. Knighten could be linked to petitioner, there was no evidence indicating petitioner himself was involved in or even aware of the conspiracy. Nor was there any evidence Ms. Knighten received any funds from the conspiracy or provided any funds.

In his objections, the respondent, in addition to the evidence described above, cites testimony from the disciplinary hearing. He states petitioner denied meeting the inmates explicitly involved in the conspiracy and speculated that one of the inmates obtained his sister's phone number from the internet. Further, Sergeant Ward testified an investigation regarding the cell phone of a former correctional officer showed several inmates were making deals regarding tobacco in various prison units.

The court is mindful that a prison disciplinary conviction will be upheld on federal habeas review so long as some evidence supports the conviction. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 453-56 (1985); *Kapordelis v. Myers*, 16 F.4th 1195, 1200 (5th Cir. 2021). In this case, however, that standard has not been satisfied. The evidence described in the Report and Recommendation, and the evidence cited in the objections, fails to demonstrate petitioner participated in the conspiracy, provided his sister's phone number to any inmate involved in the conspiracy or was even aware of the plan to smuggle tobacco into prison units. Further, there is no evidence petitioner's sister took any action in response to the text from Mr. Chambers or was even contacted as a result of the text. As a result, the low evidentiary burden has not been satisfied in this matter.

## ORDER

Accordingly, the objections filed by the respondent (#39) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the

magistrate judge (#36) is **ADOPTED**. A final judgment will be entered granting the petition in accordance with the recommendation of the magistrate judge.

SIGNED at Beaumont, Texas, this 25th day of March, 2025.

                                                   _____
                                                                 MARCIA A. CRONE
                                                         UNITED STATES DISTRICT JUDGE